UNITED STATES OF AMERICA               )
                                       )
        v.                             )     2:15-CR-107
                                       )     JUDGE JORDAN
RODOLFO IBARRA-BANUELOS,               )
    aka "Tio"                          )     **TO BE SEALED**
    aka "Luis Manuel Quiles Santiago"  )
VICTOR HUGO RAMIREZ VARGAS,            )
    aka "Jose Juan Navarro-Chalchis"   )
    aka "David Lucas Patton"           )
    aka "Isais Monteroras Navarro"     )
ANTONIO ALONSO MORALES                 )
MIGUEL ANGEL MARTINEZ                  )
JUAN CARLOS SOLIS, aka "Bird"          )
KATHY EVAN FAWBUSH, aka "Tia"          )
MISTY MUNSEY KILLIAN                   )
JESUS ALTAMIRANO GUEVARRA, aka "Chuey" )
ESTHER OLIVERA HERNANDEZ               )
BENIGO HERNANDEZ BENITEZ,              )
    aka "Pelon"                        )
    aka "Javier Benitez Hernandez"     )
JUAN WAGNER-GOMEZ,                     )
    aka "Mauro Daniel Alaniz"          )
MIGUEL GARCIA-ESPEJO                   )
JAMES ADAIR                            )

## SUPERSEDING INDICTMENT

## COUNT 1

The Grand Jury charges that beginning in or about the month of April 2012, and

continuing to on or about October 14, 2015, within the Eastern District of Tennessee, and

elsewhere, the defendants, RODOLFO IBARRA-BANUELOS also known as "Tio", also known

1

as "Luis Manuel Quiles Santiago", VICTOR HUGO RAMIREZ VARGAS also known as "Jose Juan Navarro-Chalchis", also known as "David Lucas Patton", also known as "Isais Monteroras Navarro", ANTONIO ALONSO MORALES, MIGUEL ANGEL MARTINEZ, JUAN CARLOS SOLIS also known as "Bird", JESUS ALTAMIRANO GUEVARRA also known as "Chuey", ESTHER OLIVERA HERNANDEZ, BENIGO HERNANDEZ BENITEZ also known as "Pelon", also known as "Javier Benitez Hernandez", JUAN WAGNER-GOMEZ also known as "Mauro Daniel Alaniz", JAMES ADAIR, and other persons known and unknown to the Grand Jury, did knowingly, intentionally, and without authority combine, conspire, confederate and agree with each other and with diverse other persons to commit the following offenses against the United States of America: The distribution and possession with the intent to distribute 5 kilograms or more of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

[21 U.S.C. §§ 846, 841(b)(1)(A)]

## COUNT 2

The Grand Jury charges that beginning in or about the month of December 2012, and continuing to on or about October 14, 2015, within the Eastern District of Tennessee, and elsewhere, the defendants, RODOLFO IBARRA-BANUELOS also known as "Tio", also known as "Luis Manuel Quiles Santiago", VICTOR HUGO RAMIREZ VARGAS also known as "Jose Juan Navarro-Chalchis", also known as "David Lucas Patton", also known as "Isais Monteroras Navarro", ANTONIO ALONSO MORALES, JUAN CARLOS SOLIS also known as "Bird", KATHY EVAN FAWBUSH also known as "Tia", MISTY MUNSEY KILLIAN, JESUS ALTAMIRANO GUEVARRA also known as "Chuey", BENIGO HERNANDEZ BENITEZ also known as "Pelon", also known as "Javier Benitez Hernandez", and other persons known and

2

unknown to the Grand Jury, did knowingly, intentionally, and without authority combine, conspire, confederate and agree with each other and with diverse other persons to commit the following offenses against the United States of America: The distribution and possession with the intent to distribute 50 grams or more of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

[21 U.S.C. §§ 846, 841(b)(1)(A)]

## COUNT 3

The Grand Jury charges that beginning in or about the month of December 2012, and continuing to on or about October 14, 2015, within the Eastern District of Tennessee, and elsewhere, the defendants, VICTOR HUGO RAMIREZ VARGAS also known as "Jose Juan Navarro-Chalchis", also known as "David Lucas Patton", also known as "Isais Monteroras Navarro", ANTONIO ALONSO MORALES, MIGUEL ANGEL MARTINEZ, ESTHER OLIVERA HERNANDEZ, JAMES ADAIR, and other persons known and unknown to the Grand Jury, did knowingly, intentionally, and without authority combine, conspire, confederate and agree with each other and with diverse other persons to commit the following offenses against the United States of America: The distribution and possession with the intent to distribute a quantity 100 kilograms or more of marijuana a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

[21 U.S.C. §§ 846, 841(b)(1)(B)]

## COUNT 4

The Grand Jury further charges that from in or about March 2015, to on or about September 2015, in the Eastern District of Tennessee, and elsewhere, the defendants, RODOLFO IBARRA-BANUELOS also known as "Tio", also known as "Luis Manuel Quiles Santiago",

3

MISTY MUNSEY KILLIAN, and other persons known and unknown to the Grand Jury, did knowingly, intentionally, and without authority, combine, conspire, confederate and agree with each other and with diverse others to commit the following offenses against the United States of America: knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, to conduct and attempt to conduct such financial transactions with intent to promote the carrying on of a specified unlawful activity, and the concealing and disguising the nature, the location, source, ownership, and control of a specified unlawful activity, that is, the distribution and possession with the intent to distribute methamphetamine and cocaine, both Schedule II controlled substances, in violation of Title 18, U.S.C. § 1956(a)(1)(A)(i) and (a)(1)(B)(i).

[18 U.S.C. § 1956(h)]

## COUNT 5

The Grand Jury further charges that from approximately the month of April 2014, and continuing to on or about April 30, 2015, in the Eastern District of Tennessee, the defendants, MIGUEL ANGEL MARTINEZ, JESUS ALTAMIRANO GUEVARRA also known as "Chuey", BENIGO HERNANDEZ BENITEZ, also known as "Pelon", also known as "Javier Benitez Hernandez", MIGUEL GARCIA-ESPEJO, and other persons known and unknown, did knowingly, intentionally, and without lawful authority combine, conspire, confederate and agree with each other and with diverse other persons to commit certain offenses against the United States of America, as follows:

(a) Produce false identification documents that appeared to be issued by or under the authority of the United States and which were produced using materials which had been

4

shipped and transported in interstate commerce, in violation of Title 18, United States Code, Sections 1028(a)(1), 1028(b), and 1028(c);

(b) Transfer one or more such false identification documents, knowing that each such document was produced without lawful authority, in violation of Title 18, United States Code, Sections 1028(a)(1), 1028(b), and 1028(c);

(c) To knowingly possess document-making implements with the intent that such document-making implements would be used in the production of false identification documents, in violation of Title 18, United States Code, Sections 1028(a)(1), 1028(b), and 1028(c);

to wit, Social Security cards and Permanent Alien Registration cards which are specifically referenced in the following counts.

[18 U.S.C. § 1028(a), (b), and (f)]

## COUNT 6

The Grand Jury further charges that on or about April 21, 2014, in the Eastern District of Tennessee, the defendant, MIGUEL ANGEL MARTINEZ, did knowingly produce an identification document, authentication feature, and false identification document, to wit, a Social Security Card number XXX-XX-3987 in the name of JOJ, knowing that such document or feature was produced without lawful authority and the identification document, authentication feature or false identification document appeared to have been issued by or under the authority of the United States.

[18 U.S.C. §§ 1028(a)(1), (b)]

5

## COUNT 7

The Grand Jury further charges that on or about April 21, 2014, in the Eastern District of Tennessee, the defendant, MIGUEL ANGEL MARTINEZ, did knowingly transfer an identification document, authentication feature, and false identification document, to wit, a Social Security Card number XXX-XX-3987 in the name of JOJ, knowing that such document or feature was produced without lawful authority and the identification document, authentication feature or false identification document appeared to have been issued by or under the authority of the United States.

[18 U.S.C. §§ 1028(a)(2), (b)]

## COUNT 8

The Grand Jury further charges that on or about May 15, 2014, in the Eastern District of Tennessee, the defendants, MIGUEL ANGEL MARTINEZ and BENIGO HERNANDEZ BENITEZ, also known as "Pelon", also known as "Javier Benitez Hernandez", aided and abetted by each other, did knowingly transfer two identification documents, authentication features, and false identifications, to wit, two Social Security Cards both bearing number XXX-XX-3920 in the name of JAC, knowing that each such documents or features were produced without lawful authority and the identification documents, authentication features or false identification documents appear to have been issued by or under the authority of the United States.

[18 U.S.C. §§ 1028(a)(2), (b), and 2]

## COUNT 9

The Grand Jury further charges that on or about August 14, 2014, in the Eastern District of Tennessee, the defendant, MIGUEL ANGEL MARTINEZ, did knowingly transfer two identification documents, authentication features, and false identification documents, to wit, two

6

Social Security Cards both bearing number XXX-XX-8324 in the name of MM, knowing that such documents or features were produced without lawful authority and the identification documents, authentication features or false identification documents appear to have been issued by or under the authority of the United States.

[18 U.S.C. §§ 1028(a)(2), (b)]

## COUNT 10

The Grand Jury further charges that on or about September 22, 2014, in the Eastern District of Tennessee, the defendant, MIGUEL ANGEL MARTINEZ, knowingly possessed and intentionally used, altered, and counterfeited a Social Security Card purportedly issued by the Commissioner of Social Security, that is, a Social Security card bearing number XXX-XX-5873 in the name of PAT, for the purpose of obtaining something of value, or for any other purpose.

[42 U.S.C. § 408(a)(7)(C)]

## COUNT 11

The Grand Jury further charges that on or about September 22, 2014, in the Eastern District of Tennessee, the defendant, MIGUEL ANGEL MARTINEZ, did knowingly transfer an identification document, authentication feature, and false identification document, to wit, a Social Security Card bearing number XXX-XX-5873 in the name of PAT, knowing that such document or feature was stolen and produced without lawful authority and the identification document, authentication feature and false identification document appeared to have been issued by or under the authority of the United States.

[18 U.S.C. §§ 1028(a)(2), (b)]

7

## COUNT 12

The Grand Jury further charges that on or about September 22, 2014, in the Eastern District of Tennessee, the defendant, MIGUEL ANGEL MARTINEZ, did knowingly possess and transfer, without lawful authority, a means of identification of another person during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), to wit, knowingly possessed and intentionally used, altered, and counterfeited a Social Security Card purportedly issued by the Commissioner of Social Security, that is, a Social Security card bearing number XXX-XX-5873 in the name of PAT, knowing that the means of identification belonged to another actual person.

[18 U.S.C. § 1028A(1), (b)]

## COUNT 13

The Grand Jury further charges that on or about October 16, 2014, in the Eastern District of Tennessee, the defendant, MIGUEL ANGEL MARTINEZ, did knowingly produce an identification document, authentication feature, and false identification document, to wit, a Permanent Resident Alien Registration card A# XXX-XX-650 in the name of NCJL, knowing that such document or feature was produced without lawful authority and the identification document, authentication feature and false identification document appeared to have been issued by or under the authority of the United States.

[18 U.S.C. §§ 1028(a)(1), (b)]

## COUNT 14

The Grand Jury further charges that on or about October 30, 2014, in the Eastern District of Tennessee, the defendant, MIGUEL ANGEL MARTINEZ, did knowingly produce identification documents, authentication features, and false identification documents, to wit, a

8

Permanent Resident Alien Registration card A# XXX-XX-650 in the name of TC and two Social Security cards both bearing the number XXX-XX-2234 in the name TC, knowing that such documents or features were produced without lawful authority and the identification documents, authentication features and false identification documents appeared to have been issued by or under the authority of the United States.

[18 U.S.C. §§ 1028(a)(1), (b)]

## COUNT 15

The Grand Jury further charges that on or about October 30, 2014, in the Eastern District of Tennessee, the defendant, MIGUEL GARCIA-ESPEJO, did knowingly transfer identification documents, authentication features, and false identification documents, to wit, a Permanent Resident Alien Registration card A# XXX-XX-650 in the name of TC and two Social Security cards both bearing the number XXX-XX-2234 in the name TC, knowing that such documents or features were stolen and produced without lawful authority and the identification documents, authentication features and false identification documents appeared to have been issued by or under the authority of the United States.

[18 U.S.C. §§ 1028(a)(2), (b)]

## COUNT 16

The Grand Jury further charges that on or about December 18, 2014, in the Eastern District of Tennessee, the defendant, MIGUEL ANGEL MARTINEZ, did knowingly produce an identification document, authentication feature, and false identification documents, to wit, two Social Security cards both bearing the number XXX-XX-5382 in the name PR, knowing that such document or feature was produced without lawful authority and the identification

9

document, authentication feature and false identification document appeared to have been issued by or under the authority of the United States.

[18 U.S.C. §§ 1028(a)(1), (b)]

## COUNT 17

The Grand Jury further charges that on or about April 30, 2015, in the Eastern District of Tennessee, the defendant, MIGUEL ANGEL MARTINEZ, did knowingly possess document-making implements and authentication features, to wit, two Zebra card printers, two Evolis Laminators, a Toshiba Laptop computer, spools of silver transfer ribbon, spools of gold transfer ribbon, blank card stock, blank card stock with magnetic strips, a Topat capture device, a ledger containing names with dates of birth and social security numbers, and cell phones, with the intent such document-making implements and authentication features would be used in the production of false identification documents or other document-making implements or authentication features which would be so used, and the authentication features are or appear to be issued by or under the authority of the United States, and the document-making implements are designed or suited for making identification documents, authentication features, or false identification documents that are or appear to be issued by or under the authority of the United States.

[18 U.S.C. §§ 1028(a)(5), (b)]

## COUNT 18

The Grand Jury further charges that on or about June 25, 2014, within the Eastern District of Tennessee, the defendant, MIGUEL ANGEL MARTINEZ, did knowingly, intentionally and without authority distribute a quantity of cocaine, a Schedule II controlled substance.

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

10

## COUNT 19

The Grand Jury further charges that on or about July 17, 2014, within the Eastern District of Tennessee, the defendant, MIGUEL ANGEL MARTINEZ and VICTOR RAMIREZ VARGAS, also known as "Jose Juan Navarro-Chalchis", also known as "David Lucas Patton", also known as "Isais Monteroras Navarro", aided and abetted by each other, did knowingly, intentionally and without authority distribute a quantity of cocaine, a Schedule II controlled substance.

[21 U.S.C. §§ 841(a)(1), (b)(1)(C); 18 U.S.C. § 2 and *Pinkerton v. United States*, 328 U.S. 640 (1946) (*Pinkerton* liability)]

## COUNT 20

The Grand Jury further charges that on or about September 5, 2014, within the Eastern District of Tennessee, the defendant, MIGUEL ANGEL MARTINEZ and JUAN WAGNER-GOMEZ, also known as "Mauro Daniel Alaniz", aided and abetted by each other, did knowingly, intentionally and without authority distribute a quantity of cocaine, a Schedule II controlled substance.

[21 U.S.C. §§ 841(a)(1), (b)(1)(C), 18 U.S.C. § 2 and *Pinkerton v. United States*, 328 U.S. 640 (1946) (*Pinkerton* liability)]

## COUNT 21

The Grand Jury further charges that on or about September 30, 2014, within the Eastern District of Tennessee, the defendant, BENIGO HERNANDEZ BENITEZ, also known as "Pelon", also known as "Javier Benitez Hernandez", aided and abetted by another, did

11

knowingly, intentionally and without authority distribute a quantity of methamphetamine, a Schedule II controlled substance.

[21 U.S.C. §§ 841(a)(1), (b)(1)(C), 18 U.S.C. § 2 and *Pinkerton v. United States*, 328 U.S. 640 (1946) (*Pinkerton* liability)]

## COUNT 22

The Grand Jury further charges that on or about October 21, 2014, within the Eastern District of Tennessee, the defendant, JESUS ALTAMIRANO GUEVARRA, also known as "Chuey", did knowingly, intentionally and without authority distribute a quantity of cocaine, a Schedule II controlled substance.

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

## COUNT 23

The Grand Jury further charges that on or about October 31, 2014, within the Eastern District of Tennessee, the defendant, JESUS ALTAMIRANO GUEVARRA, also known as "Chuey", did knowingly, intentionally and without authority distribute a quantity of cocaine, a Schedule II controlled substance.

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

## COUNT 24

The Grand Jury further charges that on or about December 10, 2014, within the Eastern District of Tennessee, the defendant, JUAN WAGNER-GOMEZ, also known as "Mauro Daniel Alaniz", did knowingly, intentionally and without authority distribute a quantity of cocaine, a Schedule II controlled substance.

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

12

## COUNT 25

The Grand Jury further charges that on or about January 1, 2015, within the Eastern
District of Tennessee, the defendant, ANTONIO ALONSO MORALES, did knowingly,
intentionally and without authority distribute a quantity of cocaine, a Schedule II controlled
substance.

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

## COUNT 26

The Grand Jury further charges that on or about January 5, 2015, within the Eastern
District of Tennessee, the defendant, ANTONIO ALONSO MORALES, did knowingly,
intentionally and without authority distribute a quantity of cocaine, a Schedule II controlled
substance.

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

## COUNT 27

The Grand Jury further charges that on or about January 15, 2015, within the Eastern
District of Tennessee, the defendants, ANTONIO ALONSO MORALES, MIGUEL ANGEL
MARTINEZ and ESTHER OLIVERA HERNANDEZ, aided and abetted by each other, did
knowingly, intentionally and without authority distribute a quantity of cocaine, a Schedule II
controlled substance.

[21 U.S.C. §§ 841(a)(1), (b)(1)(C); 18 U.S.C. § 2 and *Pinkerton v. United States*, 328 U.S. 640
(1946) (*Pinkerton* liability)]

## COUNT 28

The Grand Jury further charges that on or about January 21, 2015, within the Eastern
District of Tennessee, the defendant, ANTONIO ALONSO MORALES, did knowingly,

13

intentionally and without authority distribute a quantity of cocaine, a Schedule II controlled substance.

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

## COUNT 29

The Grand Jury further charges that on or about January 22, 2015, within the Eastern District of Tennessee, the defendant, ANTONIO ALONSO MORALES, did knowingly, intentionally and without authority distribute a quantity of cocaine, a Schedule II controlled substance.

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

## COUNT 30

The Grand Jury further charges that on or about March 23, 2015, within the Eastern District of Tennessee, the defendant, JUAN CARLOS SOLIS, also known as "Bird", aided and abetted by another, did knowingly, intentionally, and without authority possess with the intent to distribute a quantity of methamphetamine, a Schedule II controlled substance.

[21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 18 U.S.C. § 2 and *Pinkerton v. United States*, 328 U.S. 640 (1946) (*Pinkerton* liability)]

## COUNT 31

The Grand Jury further charges that on or about March 23, 2015, in the Eastern District of Tennessee, the defendant, JUAN CARLOS SOLIS, also known as "Bird", then being an unlawful user of a controlled substance as defined in Title 21, United States Code, Section 802, did knowingly possess a firearm, namely, a Hi-Point semi-automatic .45ACP, having been shipped and transported in interstate commerce.

[Title 18, United States Code, Section 922(g)(3)]

14

## COUNT 32

The Grand Jury further charges that on or about March 26, 2015, within the Eastern District of Tennessee, the defendant, ANTONIO ALONSO MORALES, aided and abetted by another, did knowingly, intentionally and without authority distribute a quantity of cocaine, a Schedule II controlled substance.

[21 U.S.C. §§ 841(a)(1), (b)(1)(C), 18 U.S.C. § 2 and *Pinkerton v. United States*, 328 U.S. 640 (1946) (*Pinkerton* liability)]

## COUNT 33

The Grand Jury further charges that on or about April 10, 2015, within the Eastern District of Tennessee, the defendant, ANTONIO ALONSO MORALES, aided and abetted by another, did knowingly, intentionally and without authority distribute a quantity of cocaine, a Schedule II controlled substance.

[21 U.S.C. §§ 841(a)(1), (b)(1)(C), 18 U.S.C. § 2 and *Pinkerton v. United States*, 328 U.S. 640 (1946) (*Pinkerton* liability)]

## COUNT 34

The Grand Jury further charges that on or about May 12, 2015, in the Eastern District of Tennessee, the defendant, JAMES ADAIR, then being an unlawful user of a controlled substance as defined in Title 21, United States Code, Section 802, did knowingly possess firearms, namely, a .410 Taurus Judge pistol, a Ruger 480 pistol, an unloaded New England Arms .410 shotgun, a Frenchi .20 gauge shotgun, a J.C. Higgins .12 gauge shotgun, a Winchester Model 37A, a .44 special pistol, and a Charles Daily .12 gauge pump shotgun having been shipped and transported in interstate commerce.

[Title 18, United States Code, Section 922(g)(3)]

The Grand Jury further charges that on or about April 20, 2015, within the Eastern District of Tennessee, the defendants, JUAN CARLOS SOLIS, also known as "Bird", and JESUS ALTAMIRANO GUEVARRA also known as "Chuey", aided and abetted by each other, did knowingly, intentionally, and without authority distribute five grams or more of methamphetamine, a Schedule II controlled substance.

[21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 18 U.S.C. § 2 and *Pinkerton v. United States*, 328 U.S. 640 (1946) (*Pinkerton* liability)]

COUNT 36

The Grand Jury further charges that on or about April 22, 2015, within the Eastern District of Tennessee, the defendants, JUAN CARLOS SOLIS, also known as "Bird", and JESUS ALTAMIRANO GUEVARRA also known as "Chuey", aided and abetted by each other, did knowingly, intentionally, and without authority distribute five grams or more of methamphetamine, a Schedule II controlled substance.

[21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 18 U.S.C. § 2 and *Pinkerton v. United States*, 328 U.S. 640 (1946) (*Pinkerton* liability)]

COUNT 37

The Grand Jury further charges that on or about April 29, 2015, within the Eastern District of Tennessee, the defendant, JESUS ALTAMIRANO GUEVARRA also known as "Chuey", aided and abetted by each other, did knowingly, intentionally, and without authority distribute 50 grams or more of methamphetamine, a Schedule II controlled substance.

[21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)]

16

## COUNT 38

The Grand Jury further charges that on or about April 30, 2015, within the Eastern District of Tennessee, the defendant, VICTOR HUGO RAMIREZ VARGAS also known as "Jose Juan Navarro-Chalchis", also known as "David Lucas Patton", also known as "Isais Monteroras Navarro" did knowingly, intentionally, and without authority possess with the intent to distribute 50 grams or more of methamphetamine, a Schedule II controlled substance.

[21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)]

## COUNT 39

The Grand Jury further charges that on or about April 30, 2015, within the Eastern District of Tennessee, the defendant, VICTOR HUGO RAMIREZ VARGAS also known as "Jose Juan Navarro-Chalchis", also known as "David Lucas Patton", also known as "Isais Monteroras Navarro" did knowingly, intentionally, and without authority possess with the intent to distribute 500 grams or more of cocaine, a Schedule II controlled substance.

[21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)]

## COUNT 40

The Grand Jury further charges on or about April 30, 2015, within the Eastern District of Tennessee, the defendant, VICTOR HUGO RAMIREZ VARGAS also known as "Jose Juan Navarro-Chalchis", also known as "David Lucas Patton", also known as "Isais Monteroras Navarro", did knowingly possess a firearm, in furtherance of a drug trafficking offense for which the defendant may be prosecuted in a court of the United States, as charged in Count 1, Count 2, Count 38, and Count 39, which are hereby incorporated by reference.

[18 U.S.C. §924(c)(1)(A)]

17

## COUNT 41

The Grand Jury further charges that on or about April 30, 2015, within the Eastern District of Tennessee, the defendant, JESUS ALTAMIRANO GUEVARRA also known as "Chuey", did knowingly, intentionally, and without authority possess with the intent to distribute a quantity of cocaine, a Schedule II controlled substance.

[21 U.S.C. §§ 841(a)(1), 841(b)(1)(C)]

## COUNT 42

The Grand Jury further charges that on or about April 30, 2015, within the Eastern District of Tennessee, the defendant, ANTONIO ALONSO MORALES, did knowingly, intentionally, and without authority possess with the intent to distribute a quantity of cocaine, a Schedule II controlled substance.

[21 U.S.C. §§ 841(a)(1), 841(b)(1)(C)]

## COUNT 43

The Grand Jury further charges that on or about April 30, 2015, within the Eastern District of Tennessee, the defendant, ANTONIO ALONSO MORALES, did knowingly, intentionally, and without authority possess with the intent to distribute five grams or more of methamphetamine, a Schedule II controlled substance.

[21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)]

## COUNT 44

The Grand Jury further charges that on or about April 30, 2015, in the Eastern District of Tennessee, defendant VICTOR HUGO RAMIREZ VARGAS also known as "Jose Juan Navarro-Chalchis", also known as "David Lucas Patton", also known as "Isais Monteroras Navarro", then being an alien illegally and unlawfully in the United States, did knowingly

18

possess in and affecting commerce, two firearms, that is, a Ruger LCP 380 and a Raven .25 caliber pistol.

[18 U.S.C. §§ 922(g)(5)(A)]

## COUNT 45

The Grand Jury further charges that on or about April 30, 2015, in the Eastern District of Tennessee, the defendant, VICTOR HUGO RAMIREZ VARGAS also known as "Jose Juan Navarro-Chalchis", also known as "David Lucas Patton", also known as "Isais Monteroras Navarro", an alien was found in the United States after having been deported therefrom on or about February 5, 2013, at or near Nogales, Arizona, and not having obtained the express consent of the Secretary of Homeland Security to reapply for admission to the United States, in violation of Title 8, United States Code, Section 1326(a).

[8 U.S.C. §§ 1326 (a) and 1326(b)]

## COUNT 46

The Grand Jury further charges that between the dates of June 3, 2015, through June 9, 2015, within the Eastern District of Tennessee, the defendant, JUAN CARLOS SOLIS, also known as "Bird", did knowingly, intentionally, and without authority distribute a quantity of methamphetamine, a Schedule II controlled substance.

[21 U.S.C. §§ 841(a)(1), 841(b)(1)(C)]

## COUNT 47

The Grand Jury further charges that on or about July 15, 2015, within the Eastern District of Tennessee, the defendant, KATHY EVAN FAWBUSH also known as "TIA", did knowingly,

intentionally and without authority distribute 50 grams or more of methamphetamine, a Schedule II controlled substance as defined in Title 21, United States Code, Section 841(a)(1).

[21 U.S.C. §§ 841(a)(1) and (b)(1)(A)]

## COUNT 48

The Grand Jury further charges that on or about August 27, 2015, within the Eastern District of Tennessee, the defendants, KATHY EVAN FAWBUSH also known as "TIA", RODOLFO IBARRA-BANUELOS also known as "TIO", and MISTY MUNSEY-KILLIAN, aided and abetted by one another, did knowingly, intentionally and without authority distribute 5 grams or more of methamphetamine, a Schedule II controlled substance as defined in Title 21, United States Code, Section 841(a)(1).

[21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2 and *Pinkerton v. United States*, 328 U.S. 640 (1946) (*Pinkerton* liability)]

## COUNT 49

The Grand Jury further charges that on or about August 27, 2015, within the Eastern District of Tennessee, the defendants, KATHY EVAN FAWBUSH also known as "TIA", RODOLFO IBARRA-BANUELOS also known as "TIO", and MISTY MUNSEY-KILLIAN, at a time subsequent to Count 48, aided and abetted by one another, did knowingly, intentionally and without authority distribute 50 grams or more of methamphetamine, a Schedule II controlled substance as defined in Title 21, United States Code, Section 841(a)(1).

[21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 18 U.S.C. § 2 and *Pinkerton v. United States*, 328 U.S. 640 (1946) (*Pinkerton* liability)]

20

## COUNT 50

The Grand Jury further charges that on or about August 27, 2015, within the Eastern
District of Tennessee, the defendants, KATHY EVAN FAWBUSH also known as "TIA",
RODOLFO IBARRA-BANUELOS also known as "TIO", and MISTY MUNSEY-KILLIAN,
aided and abetted by one another, did knowingly, intentionally and without authority possess
with the intent to distribute 50 grams or more of methamphetamine, a Schedule II controlled
substance as defined in Title 21, United States Code, Section 841(a)(1).

[21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 18 U.S.C. § 2 and *Pinkerton v. United States*, 328
U.S. 640 (1946) (*Pinkerton* liability)]

A TRUE BILL:

FOREPERSON

WILLIAM C. KILLIAN
United States Attorney

By: 
DONALD WAYNE TAYLOR
Assistant U.S. Attorney

Case 2:15-cr-00107-RLJ-DHI Document 40 Filed 10/15/15 Page 21 of 21 PageID #: 95