# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE GREENEVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE**<br>(For Offenses committed on or after November 1, 1987) |
| v. | |
| | Case Number: **2:15-CR-00107-RLJ-MCLC(1)** |
| RODOLFO IBARRA-BANUELOS<br>USM#48703-074 | **James T Bowman**<br>Defendant's Attorney |

## THE DEFENDANT:

☐ pleaded guilty to count(s):

☐ pleaded nolo contendere to count(s)  which was accepted by the court.

☒ was found guilty on <u>Counts 2, 4, 48, 49 and 50 of the Superseding Indictment</u>  after a plea of not guilty.

**ACCORDINGLY**, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section and Nature of Offense | Date Violation Concluded | Count |
|---|---|---|
| 21 U.S.C. § 846 and 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841 (b)(1)(A) – Conspiracy to Distribute and to Posess With the Intent to Distribute 50 Grams or More of Actual Methamphetamine | 08/31/2015 | 2s |
| 18 U.S.C. § 1956(h) – Conspiracy to Commit Money Laundering | 08/31/2015 | 4s |
| 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(B) and 18 U.S.C. § 2 – Aiding and Abetting the Distribute of Methamphetamine | 08/31/2015 | 48s |

The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984 and 18 U.S.C. 3553.

☐ The defendant has been found not guilty on count(s).

☒ **All remaining count(s) as to this defendant are dismissed upon motion of the United States.**

    IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and the United States attorney of any material change in the defendant's economic circumstances.

November 21, 2017
Date of Imposition of Judgment

Signature of Judicial Officer

**R Leon Jordan , United States District Judge**
Name & Title of Judicial Officer

11-21-17
Date

# ADDITIONAL COUNTS OF CONVICTION

| Title & Section and Nature of Offense | Offense Ended | Count |
|---|---|---|
| 21 U.S.C. § 841(a)(1), 21 U.S.C. §841(b)(1)(A) and 18 U.S.C. §2 – Aiding and Abetting the Distribution of Methamphetamine | 08/31/2015 | 49s |
| 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(A) and 18 U.S.C. §2 – Aiding and Abetting the Possession With the Intent to Distribute Methamphetamine | 08/31/2015 | 50s |

DEFENDANT:      RODOLFO IBARRA-BANUELOS
CASE NUMBER:    2:15-CR-00107-RLJ-MCLC(1)

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

**360 months as to each of Counts 2, 49 and 50; Twenty (20) years as to Count 4; and 360 months as to Count 48 of the Superseding Indictment, to be served concurrently for a net sentence of 360 months**

☒ **The court makes the following recommendations to the Bureau of Prisons:**

**The Court will recommend that the defendant participate in substance abuse treatment while in the custody of the Bureau of Prisons. The Court will recommend the defendant participate in educational classes and vocational training to learn a trade or other marketable skills while incarcerated. The Court will recommend that the defendant receive a medical evaluation and needed treatment while in the custody of the Bureau of Prisons. Lastly, the Court will recommend the defendant be designated to the BOP medical facility at Lexington, KY.**

☒ **The defendant is remanded to the custody of the United States Marshal.**

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at        ☐  a.m.  ☐  p.m.    on

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on  .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on
        to      ,
        at      ,
        with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: RODOLFO IBARRA-BANUELOS
CASE NUMBER: 2:15-CR-00107-RLJ-MCLC(1)

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **five (5) years as to each of Counts 2, 48, 49 and 50, to run concurrently and three (3) years as to Count 4, to run concurrently, for a net term of five (5) years.**

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.

2. You must not unlawfully possess a controlled substance.

3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. (*check if applicable*)

4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentencing of restitution. (*check if applicable*)

5. ☒ **You must cooperate in the collection of DNA as directed by the probation officer.** (*check if applicable*)

6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. (*check if applicable*)

7. ☐ You must participate in an approved program for domestic violence. (*check if applicable*)

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the mandatory, standard, and any special conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.


Defendant's Signature _____ Date _____

DEFENDANT:      RODOLFO IBARRA-BANUELOS
CASE NUMBER:    2:15-CR-00107-RLJ-MCLC(1)

# SPECIAL CONDITIONS OF SUPERVISION

1. If you are deported, you shall not reenter the United States without the permission of the Attorney General or the Secretary of Homeland Security. If you do reenter the United States, you shall report to the nearest United States Probation Office within 72 hours of reentry.

2. You shall submit your person, property, house, residence, vehicle, papers, [computers (as defined in Title 18 U.S.C. § 1030(e)(1), other electronic communications or data storage devices or media,] or office, to a search conducted by a United States probation officer or designee. Failure to submit to a search may be grounds for revocation of release. You shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that you have violated a condition of your supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

DEFENDANT: RODOLFO IBARRA-BANUELOS
CASE NUMBER: 2:15-CR-00107-RLJ-MCLC(1)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments sheet of this judgment.

|  | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| **TOTALS** | **$500.00** | $.00 | $.00 | $.00 |

☐ The determination of restitution is deferred until     An *Amended Judgment in a Criminal Case (AO245C)* will be entered
after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

☐ Restitution amount ordered pursuant to plea agreement $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options under the Schedule of Payments sheet of this judgment may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☐ the interest requirement is waived for the     ☐ fine          ☐ restitution

   ☐ the interest requirement for the          ☐ fine          ☐ restitution is modified as follows:

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**  ☒  **Lump sum payments of $500.00 due immediately, balance due**
     ☐  not later than                        , or
     ☒  **in accordance with**    ☐   **C,**   ☐   **D,**   ☐   **E, or**   ☒  **F below; or**

**B**  ☐  Payment to begin immediately (may be combined with   ☐   C,   ☐   D, or   ☐   F below); or

**C**  ☐  Payment in equal            *(e.g., weekly, monthly, quarterly)* installments of $               over a period
       of       *(e.g., months or years)*, to commence      *(e.g., 30 or 60 days)* after the date of this judgment; or

**D**  ☐  Payment in equal            *(e.g., weekly, monthly, quarterly)* installments of $               over a period
       of       *(e.g., months or years)*, to commence      *(e.g., 30 or 60 days)* after release from imprisonment to a term of
       supervision; or

**E**  ☐  Payment during the term of supervised release will commence within        *(e.g., 30 or 60 days)* after release from
       imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☒  **Special instructions regarding the payment of criminal monetary penalties:**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to **U.S. District Court, 220 West Depot Street, Suite 200, James H. Quillen United States Courthouse, Greeneville, TN, 37743**. Payments shall be in the form of a check or a money order, made payable to U.S. District Court, with a notation of the case number including defendant number.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several
     See above for Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.
     ☐ Defendant shall receive credit on his restitution obligation for recovery from other defendants who contributed to the same loss that gave rise to defendant's restitution obligation.
☐   The defendant shall pay the cost of prosecution.
☐   The defendant shall pay the following court cost(s):
☐   The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA Assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.