<u>NOT RECOMMENDED FOR FULL-TEXT PUBLICATION</u>

No. 17-6466

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| RODOLFO IBARRA-BANUELOS, | ) | THE EASTERN DISTRICT OF |
| | ) | TENNESSEE |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

FILED
Jan 10, 2019
DEBORAH S. HUNT, Clerk

O R D E R

Before:  SUHRHEINRICH, BATCHELDER, and BUSH, Circuit Judges.

Rodolfo Ibarra-Banuelos, a federal prisoner with counsel, appeals his conviction.  The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed.  *See* Fed. R. App. P. 34(a).

Ibarra-Banuelos was sentenced to 360 months of imprisonment after being convicted by a jury of conspiracy to distribute and possess with the intent to distribute methamphetamine; conspiracy to commit money laundering; and aiding and abetting the distribution of methamphetamine.  During Ibarra-Banuelos's trial, the government introduced evidence of cell-site location information ("CSLI") obtained pursuant to a court order issued under the Stored Communications Act.  *See* 18 U.S.C. § 2703(d).  After Ibarra-Banuelos filed his notice of appeal, the Supreme Court held that the government must generally obtain a warrant before acquiring CSLI.  *Carpenter v. United States*, 138 S. Ct. 2206, 2221 (2018).  Ibarra-Banuelos now argues

that he is entitled to a new trial because the CSLI introduced in his case was inadmissible in light of *Carpenter*.

Because Ibarra-Banuelos did not object to the admission of the CSLI, we review its admission for plain error. *United States v. Doxey*, 833 F.3d 692, 702 (6th Cir. 2016). Because exclusion of evidence is intended to prevent future Fourth Amendment violations, it is a remedy of last resort that is applied only when "the deterrence benefits of suppression . . . outweigh its heavy costs." *United States v. Kinison*, 710 F.3d 678, 685 (6th Cir. 2013) (alteration in original) (quoting *Davis v. United States*, 564 U.S. 229, 237 (2011)). In determining whether to exclude evidence, the inquiry is focused on the "'flagrancy of the police misconduct' and on whether the police misconduct was 'deliberate, reckless, or grossly negligent conduct, or in some circumstances recurring or systemic negligence.'" *United States v. Fisher*, 745 F.3d 200, 203 (6th Cir. 2014) (quoting *Herring v. United States*, 555 U.S. 135, 143-44 (2009)). However, the exclusionary rule does not apply "to searches conducted in reasonable reliance on subsequently invalidated statutes." *Davis*, 564 U.S. at 239. Because there is no dispute that the government obtained the CSLI pursuant to a court order issued upon a showing of reasonable grounds as required under the Stored Communications Act, the good-faith exception applies.

Based upon the foregoing, we **AFFIRM** the district court's judgment.

ENTERED BY ORDER OF THE COURT

_____
Deborah S. Hunt, Clerk