UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | 2:15-CR-00107-DCLC-CRW |
| v. | ) ) | |
| RODOLFO IBARRA-BANUELOS, | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Before the Court is Defendant's *pro se* Motion to Reduce Sentence under United States Sentencing Guideline Amendment 821 [Doc. 608].

I.  BACKGROUND

On June 7, 2017, a jury convicted Defendant of one count of conspiracy to distribute and possession with the intent to distribute 50 grams or more of methamphetamine, one count of conspiracy to commit money laundering, one count of aiding and abetting the distribution of five grams or more of methamphetamine, one count of aiding and abetting the distribution of 50 grams or more of methamphetamine, and one count of aiding and abetting possession with the intent to distribute 50 grams or more of methamphetamine [*See* Doc. 440]. Based on an offense level of 43 and a criminal history category of III, Defendant's guideline range was life [Doc. 486, ¶ 76]. At the time of sentencing, the Court varied down and sentenced Defendant to a net term of imprisonment of 360 months [Doc. 513, pg. 3]. Defendant is currently housed at FCI Milan with a projected release date of September 11, 2032. *See* Bureau of Prisons,

1

https://www.bop.gov/inmateloc/ (last visited May 10, 2024). He now seeks a sentence reduction pursuant to Guideline Amendment 821 [Doc. 608].

**II.   ANALYSIS**

"A district court may modify a defendant's sentence only as provided by statute." *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009) (citation omitted). Relevant here, 18 U.S.C. § 3582(c)(2) authorizes a court to impose a sentence reduction when a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Amendment 821, which took effect on November 1, 2023, altered the application of the guidelines with respect to offenders who earned criminal history "status" points based on the commission of an offense while serving a criminal justice sentence or offenders with zero criminal history points at the time of sentencing ("zero-point offenders"). Composed of two parts, Amendment 821 amended U.S.S.G. § 4A1.1 to reduce or eliminate status points and created U.S.S.G. § 4C1.1 to reduce the offense level for zero-point offenders by two levels. Pursuant to § 4A1.1, status points are eliminated for defendants with six or less criminal history points, and one status point, rather than two, are applied for defendants with more than six criminal history points.

At the time of sentencing, Defendant received two status points for committing the offense while under a criminal justice sentence in Warren County Circuit Court and Winchester General District Court [Doc. 486, ¶ 58]. If sentenced today, Defendant would not receive status points under U.S.S.G. § 4A1.1, which would result in two criminal history points and lower his criminal history category from III to II. But Defendant's guideline range would still be life because his

2

offense level would remain at level 43. Accordingly, Defendant is ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).

### III. CONCLUSION

For the reasons stated herein, Defendant's motion [Doc. 608] is **DENIED**.

**SO ORDERED:**

s/ Clifton L. Corker<br>
United States District Judge